OPINION OF THE COURT
Bernard F. McCaffrey, J.
This action was commenced by plaintiff demanding judgment against defendant in an unspecified amount, injunctive relief, reasonable attorney’s fees, expert fees, and costs and disbursements. Plaintiff alleges that defendant has violated and continues to violate the New York State Insurance Law by its failure to provide maternity care coverage in its policies.
The questions presented to this court on the motion and cross motion are as follows:
1. Whether maternity care expense reimbursement limitations contained in group policies delivered outside this State, which insure residents within this State, violate section 162-a of the New York State Insurance Law.
2. Whether plaintiff has established that the standards and prerequisites for class certification set forth in the CPLR and applicable case law have been met, and that plaintiff’s alleged cause of action may be properly maintained as a class action.
Plaintiff is a resident of the State of New York and is a member insured under a group accident and health insurance policy issued to the B’nai B’rith organization. In essence, the complaint asserts that defendant has, with *592 respect to plaintiff and the class, failed to comply with applicable provisions of the New York State Insurance Law which require that all policies and certificates of insurance delivered or issued for delivery in this State contain certain specified provisions, and provide certain minimum levels of coverage. Specifically, the complaint asserts that the New York State Insurance Law requires that all group or subscriber health or accident policies and certificates of insurance delivered or issued for delivery in this State, which provide hospital, surgical or medical coverage, must also provide coverage for maternity care (including hospital, surgical or medical coverage) to the same extent that hospital, surgical or medical coverage is provided for illness or disease under the policy.
Plaintiff, as a member insured under a policy of group accident and health insurance, was issued a certificate of insurance by the defendant. Said certificate issued to plaintiff contained, at pages 5 through 6 thereof, certain exclusions and limitations. Limitation No. 6 excluded from coverage charges incurred by plaintiff and his dependents in connection with a pregnancy. Plaintiff’s wife, as a result of her pregnancy, incurred certain hospital, surgical and medical bills. Additionally, plaintiff’s newly born daughter also incurred certain hospital, surgical and medical bills. Plaintiff filed claims for reimbursement of those bills with defendant’s designated agent; said bills totaled approximately $3,000.
Defendant, relying upon limitation No. 6, refused to reimburse plaintiff for the charges incurred. Plaintiff contends that the actions of defendant, and the terms and conditions of the certificate of insurance issued by it, are violative of the express provisions of the Insurance Law of this State.
Thus, the threshold question is whether maternity care expense reimbursement limitations contained in group policies delivered outside this State, which insure residents within this State, violate section 162-a of the New York State Insurance Law.
Section 162-a, as enacted and subsequently amended, provides: “§ 162-a. Maternity care coverage under group or *593 blanket accident and health insurance policies. Every policy subject to the provisions of section one hundred sixty-two which provides hospital, surgical or medical coverage shall provide coverage for maternity care, including hospital, surgical or medical care to the same extent hospital, surgical or medical coverage is provided for illness or disease under the policy, provided, however, that such maternity care coverage, other than coverage for complications of pregnancy, may be limited to reimbursement of covered expenses for maternity care for a period of four days of hospital confinement. Maternity care coverage may also be limited to those persons covered under the policy for a period of ten months, or for a lesser period if the pregnancy commenced while the insured was covered by the policy.”
Upon the basis of the express terms of section 162-a, this application is specifically limited to group policies subject to the provisions of section 162 of the Insurance Law. Section 162 provides in pertinent part as follows: “162. Group or blanket accident and health insurance policies; standard provisions. 1. No policy of group or blanket accident or health insurance or accident and health insurance and no certificate thereunder shall, except as provided in subsection four, be delivered or issued for delivery in this state unless the policy contains in substance each and all of the provisions set forth in the following paragraphs”.
The language of sections 162 and 162-a is clear, unambiguous and unequivocal. Section 162-a specifically provides that its application is limited to policies subject to the provisions of section 162. Section 162 provides that the enumerated provisions therein, are mandated in every policy which is “delivered or issued for delivery in this state”. The statute further provides that no certificate shall be delivered or issued for delivery in this State, which evidences coverage under a group policy delivered or issued for delivery in this State, unless it contains the enumerated provisions.
There is no language in either statute which refer to or otherwise affect group policies delivered or issued for delivery to a foreign policyholder, or certificates delivered to *594 New York residents which evidence coverage under a group policy issued to a foreign policyholder.
There being no reference to group policies delivered outside the State, plaintiff’s claim of alleged violations of section 162-a fails to state a cause of action.
The motion of plaintiff to proceed in this action as a class action, is denied. The cross motion of defendant for an order dismissing the complaint pursuant to CPLR 3211 (subd [a], par 7), is granted.
Accordingly, the complaint is dismissed.